FILED
2008 Jul-17 AM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**CARDINAL HEALTH 113, LLC f/k/a WALSH DOHMEN SOUTHEAST, L.L.C. and CARDINAL HEALTH 110, INC.**

**Plaintiffs,**

vs.

**GRIFFIN, INC., GRIFFIN VITAL CARE, INC., AND STEPHEN H. GRIFFIN**

**Defendants.**

**Case No. ____________**

## COMPLAINT

Plaintiff Cardinal Health 113, LLC, f/k/a Walsh Dohmen Southeast, L.L.C. ("Cardinal 113") and Plaintiff Cardinal Health 110, Inc, ("Cardinal 110") (collectively, with Cardinal 113, "Cardinal"), for their complaint against Griffin, Inc. d/b/a Griffin Pharmacy-Montclair, Griffin Pharmacy-Princeton, Griffin Pharmacy-Sipsey, Griffin Pharmacy Services, and Griffin Home Health Equipment (collectively, "Griffin, Inc."), Griffin Vital Care, Inc. ("Griffin Vital Care") (collectively with Griffin, Inc., the "Corporate Defendants"), and Stephen H. Griffin ("Stephen Griffin," and collectively with the Corporate Defendants, the "Defendants"), allege as follows:

**PARTIES**

1. Plaintiff Cardinal 113 is a Wisconsin limited liability corporation with its principal place of business in Dublin, Ohio. Cardinal 113 is engaged in the business of distributing pharmaceutical products.

2. Plaintiff Cardinal 110 is a Delaware corporation with its principal place of business in Dublin, Ohio. Cardinal 110 is the sole member of Cardinal 113. Cardinal 110 and Cardinal 113 are engaged in the business of distributing pharmaceutical products.

3. Defendant Griffin, Inc. is an Alabama corporation with its principal place of business in Sipsey, Alabama. Griffin, Inc. operates pharmacies in Birmingham, Alabama. Griffin, Inc. may be served with process by serving its registered agent, Stephen H. Griffin, 6th Avenue West, Sipsey, Alabama 35584.

4. Defendant Griffin Vital Care is an Alabama corporation with its principal place of business in Sipsey, Alabama. Griffin Vital Care may be served with process by serving its registered agent, Stephen H. Griffin, 6th Avenue West, Sipsey, Alabama 35584.

5. Defendant Stephen H. Griffin is an Alabama resident living at 107 Dogwood Lane, Dora, Alabama 35602; at all relevant times, he was the owner and president of the Corporate Defendants.

## JURISDICTION AND VENUE

6. The Court has jurisdiction to hear this action under 28 U.S.C § 1332 because there is complete diversity of citizenship between Cardinal and Defendants, and the amount in controversy exceeds $75,000.

7. Venue of this matter is proper in this Court under 28 U.S.C. § 1391(a)(1) and (c) because all Defendants are subject to personal jurisdiction in this District and are deemed to reside in this District. Additionally, venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

8. In 1998 and following, Griffin, Inc. opened an account with Walsh Dohmen Southeast, L.L.C. ("Dohmen"). At that time, Stephen H. Griffin and Tracy Vinson, as principals for Griffin, Inc., signed account opening paperwork (the "Agreements") and agreed to comply with Dohmen's selling terms, "including charges for late payment." True and correct copies of the Agreements (as redacted) are attached hereto as **Exhibits A-1** through **A-4.** During 2006, Defendants, acting by and through their duly authorized agents, ordered pharmaceutical products from Dohmen, now known as Cardinal 113.

9. On or about July 13, 2007, Griffin, Inc. executed and delivered to Cardinal a Credit Application and Agreement (the "Credit Agreement") whereby

Cardinal agreed to accept orders for pharmaceutical products from Griffin, Inc. in exchange for Griffin, Inc.'s agreement to pay Cardinal for these orders in full, in good funds and in accordance with the payment terms set forth therein. A true and correct copy of the Credit Agreement is attached as **Exhibit B**.

10. During 2007 and following, the Corporate Defendants, acting by and through their duly authorized agents, ordered pharmaceutical products from Cardinal on accounts numbered 552636, 552389, 552384, 552419, 552420, 552601. True and correct copies of the statements showing outstanding invoices for products Cardinal sent to Corporate Defendants (the "Statements") are attached hereto as **Exhibit C**.

11. The Agreements require payment to be made semi-monthly. Also, under the Credit Agreement, Cardinal is permitted to assess a service charge calculated at the annual rate of 18% on all past due balances. *See Ex. B*.

12. Pursuant to the Agreements, the Credit Agreement and open trade accounts, Cardinal sold pharmaceutical products to the Corporate Defendants. The sales were made at the special instance and request of the Corporate Defendants and the goods were sold and delivered in the regular course of business. In consideration of these sales, on which a systematic record has been kept, the Corporate Defendants promised and became bound and liable to pay Cardinal the prices charged for such items.

13. All conditions precedent to Cardinal's recovery have occurred or have been performed by Cardinal.

14. In addition to the promises and obligations agreed to between the Corporate Defendants and Cardinal, Stephen Griffin, as principal of Griffin, Inc., unconditionally and personally guaranteed to Cardinal the prompt and full payment (and not merely the ultimate collectability) and performance of all obligations of Griffin, Inc. to Cardinal (the "Guaranty"). *See* Ex. B § VI.

15. Pursuant to the Credit Agreement, Griffin, Inc. granted to Cardinal a security interest in certain property to secure Griffin, Inc.'s obligations to Cardinal. *See* Ex. B. § V.

16. Under the Credit Agreement, Cardinal is permitted to assess a service charge calculated at the rate of 1.5% per month, or the highest rate allowed by law if such rate is less than 1.5% per month, on any amount not paid by the Corporate Defendants to Cardinal when due. *See* Ex. B, § III.

17. The Credit Agreement further requires Griffin, Inc. to pay all out-of-pocket expenses, including attorneys' fees and disbursements, incurred by Cardinal to collect any amounts due or to otherwise enforce any of the terms of the Credit Agreement. *See* Ex. B, § III. In the event of default on payment of invoices, Cardinal also has the right to declare all invoices due and payable. *See id.*

18. Nevertheless, despite written demand, Defendants have failed to pay all of their obligations to Cardinal. *See* **Exhibit D**. As of July 15, 2008, Griffin, Inc.'s outstanding past due obligations to Cardinal total $880,755.19 in principal, and additional interest continues to accrue at the annual rate of 18%, or the maximum amount permitted by law, through the date of judgment in this case.

19. As of July 15, 2008, Griffin Vital Care's past due obligations to Cardinal total $36,532.49 in principal, and additional interest continues to accrue at the annual rate of 18%, or the maximum amount permitted by law, through the date of judgment in this case.

**COUNT I**
**Breach of Contract**
**(Against Griffin, Inc.)**

20. Cardinal repeats and realleges paragraphs 1-19 as if fully set forth herein.

21. The Agreements and the Credit Agreement constitute valid and binding contracts between Cardinal and Griffin, Inc.

22. Cardinal has performed its entire obligations due to Griffin, Inc. under the Agreements and the Credit Agreement.

23. Griffin, Inc. has failed to comply with the payment terms of the Agreements and the Credit Agreement. As of July 15, 2008, Griffin, Inc.'s outstanding past due obligations to Cardinal total, $880,755.19 in principal, and

additional interest continues to accrue at the annual rate of 18%, or the maximum amount permitted by law, through the date of judgment in this case.

24. Griffin, Inc.'s non-payment constitutes a breach of the Agreements and the Credit Agreement.

25. As a result of the breach, Cardinal has suffered damages. In particular, Cardinal has been damaged by providing Griffin, Inc. with the extension of credit for the purchase of pharmaceutical products for which Griffin, Inc. did not pay. Cardinal is owed the outstanding principal balance and service charges, all as provided under the Agreements, the Credit Agreement and/or state law.

**COUNT II**
**Open Account**
**(Against the Corporate Defendants Only)**

26. Cardinal repeats and realleges paragraphs 1-19 as if fully set forth herein.

27. This action is also founded upon open accounts that were made at the special instance and request of Corporate Defendants. Pursuant to the terms of the Agreements and the Credit Agreement, the Corporate Defendants had accounts, written contracts and/or other business dealings with Cardinal whereby Cardinal provided the Corporate Defendants with pharmaceutical products. Pursuant to the Agreements and resulting open accounts, the Corporate Defendants received delivery of, and accepted, products sent by Cardinal without any objection.

28. During the course of Cardinal's dealings with Defendants, based on the open accounts, Cardinal regularly sent the Corporate Defendants invoices detailing the delivery and acceptance of the products received by the Corporate Defendants as well as applicable service charges.

29. The Statements attached as Exhibit C are accurate statements of the transactions between the Corporate Defendants and Cardinal.

30. The invoices and statements were received and retained, by the Corporate Defendants. However, despite Cardinal's frequent requests, the Corporate Defendants have failed to pay the aggregate sum due to Cardinal, as reflected by the Statements.

31. Accordingly, the Corporate Defendants are liable for the full amount owed on the open accounts, under the contract and/or pursuant to the business dealings between the Corporate Defendants and Cardinal. As of July 15, 2008, Griffin, Inc.'s outstanding past due obligations to Cardinal total $880,755.19 in principal, and additional interest continues to accrue at the annual rate of 18%, or the maximum amount permitted by law, through the date of judgment in this case. As of July 15, 2008, Griffin Vital Care's past due obligations to Cardinal total $36,532.49 in principal, and additional interest continues to accrue at the annual rate of 18%, or the maximum amount permitted by law, through the date of judgment in this case. *See id.*

**COUNT III**
**Unjust Enrichment**
**(Against the Corporate Defendants Only)**

32. Cardinal repeats and realleges paragraphs 1-19 as if fully set forth herein.

33. As described above, in response to the Corporate Defendants' orders and promises of payment for pharmaceutical products, Cardinal sold and delivered the requested products to the Corporate Defendants. The Corporate Defendants accepted and retained those pharmaceutical products, but did not pay Cardinal as promised.

34. As a result, the Corporate Defendants received a valuable benefit in the form of pharmaceutical products from Cardinal. The Corporate Defendants' retention of Cardinal's property without payment violates the fundamental principals of justice, equity and good conscience. Therefore, Cardinal is entitled to recover from the Corporate Defendants the reasonable value of these wrongfully held products.

**COUNT IV**
**Breach of Guaranty**
**(Against Defendant Stephen Griffin Only)**

35. Cardinal repeats and realleges paragraphs 1-19 as if fully set forth herein.

36. Griffin, Inc. has failed to comply with the payment of terms of the Agreements and the Credit Agreement. As of July 15, 2008, Griffin, Inc. owes Cardinal, exclusive of attorneys' fees, late fees, interest and expenses, $880,755.19 on past due invoices. Specifically, the past due principal balance of $880,755.19 remains due and owing by Griffin, Inc., plus late fees of $3,396.44, and additional interest accruing at the annual rate of 18%, or the maximum amount allowed by law, as provided by the Agreements.

37. Stephen Griffin executed and delivered to Cardinal the Guaranty for the extension of credit to Griffin, Inc., and unconditionally and personally guaranteed the payment and performance of Griffin, Inc.'s obligations to Cardinal. *See* Ex. B, § VI.

38. Thus, Stephen Griffin is responsible for the payment of damages to Cardinal for Griffin, Inc.'s default under the Agreements and the Credit Agreement. Although Cardinal demanded in writing that Stephen Griffin pay the amount owed to Cardinal as a guarantor of Griffin, Inc., Stephen Griffin made no such payments. *See* **Exhibit D**.

39. By failing to make prompt and full payment of the Griffin, Inc.'s obligations to Cardinal, Stephen Griffin has failed to fulfill his obligations under the Guaranty.

**RELIEF REQUESTED**

**WHEREFORE**, Cardinal requests this Court enter an order granting judgment for Cardinal as follows:

(a) For Cardinal 113, as against Defendant Griffin, Inc. and Stephen Griffin, jointly and severally, general damages of $704,453.17, as the principal balance past due and owing under the Agreements and the trade account;

(b) For Cardinal 110, as against Defendant Griffin, Inc. and Stephen Griffin, jointly and severally, general damages of $176,302.02 as the principal balance past due and owing under the Credit Agreement and the trade account;

(c) As against Defendant Griffin, Inc. and Stephen Griffin, jointly and severally, late fees of $3,396.44 through July 15, 2008;

(d) As against Griffin, Inc. and Stephen Griffin, jointly and severally, all accruing service charges and/or pre-judgment interest accruing on the principal past due balance of $880,755.19 at the annual rate of 18% or the maximum rate allowed by law from July 15, 2008 through the date of judgment;

(e) For Cardinal 113, as against Defendant Griffin Vital Care general damages of $31,738.87, as the principal past due balance due and owing on the trade account;

(f) For Cardinal 110, as against Defendant Griffin Vital Care, general damages of $4,793.62 as the principal past due balance due and owing on the trade account;

(g) As against Defendant Griffin Vital Care, service charges of $4,866.25 through July 15, 2008;

(h) As against Defendant Griffin Vital Care, all accruing service charges and/or pre-judgment interest accruing on the principal past due balance of $36,532.49 at the annual rate of 18% or the maximum rate allowed by law from July 15, 2008 through the date of judgment;

(i) All costs of court against all Defendants, jointly and severally;

(j) All reasonable attorneys' fees incurred in connection herewith;

(k) Post-judgment interest at the maximum rate provided by law;

(l) Issuance of all writs and processes necessary to enforce the judgment; and

(m) Such other and further relief to which Cardinal has demonstrated just entitlement.

Respectfully submitted,

Dated: July 16, 2008

Stewart M. Cox

Hallman B. Eady

Attorneys for Cardinal Health 113, LLC f/k/a Walsh Dohmen Southeast, L.L.C. and Cardinal Health 110, Inc.

OF COUNSEL

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
scox@bradleyarant.com
heady@bradleyarant.com

PLEASE SERVE DEFENDANTS AS FOLLOWS:

Griffin, Inc.
c/o Stephen H. Griffin, Registered Agent
6th Avenue West
Sipsey, Alabama 35584

Griffin Vital Care
c/o Stephen H. Griffin, Registered Agent
6th Avenue West
Sipsey, Alabama 35584

Stephen H. Griffin
107 Dogwood Lane
Dora, Alabama 35602